UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **ALJANON REED,** | ) Case No. CV 13-5970-SJO(AJW) |
| Petitioner, | ) |
| v. | ) MEMORANDUM AND ORDER |
| | ) DISMISSING PETITION |
| **RAYMOND MADDEN, Warden,** | ) WITHOUT PREJUDICE |
| Respondent. | ) |

On October 14, 2015, this action was stayed to allow petitioner to exhaust his state remedies with respect to one of his claims for relief – namely, petitioner's claim that the trial court erroneously instructed the jury regarding the natural and probable consequences doctrine. [Petition at 5]. See People v. Chiu, 59 Cal. 4th 155, 167 (2014). Petitioner was directed to file and serve status reports every twenty-eight days informing the Court of his progress in exhausting his state remedies.

Petitioner's last status report was filed on January 28, 2016. On May 27, 2016, the Court issued an order to show cause. The order noted that petitioner had failed to file status reports as directed, and that it appeared that petitioner still had not filed a petition

presenting his single unexhausted claim to the California Supreme Court. Petitioner was directed to show cause why the stay should not be vacated. Further, petitioner was cautioned that his failure to timely respond to the order may be deemed consent to dismiss the petition. Petitioner's response to the order was due on June 24, 2016. Petitioner neither filed a response to the order to show cause nor requested an extension of time to do so.

A district court's authority to dismiss a litigant's action for failure to prosecute or to comply with court orders is well-established. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-630 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendar of the District Courts." Link, 370 U.S. at 629-630.

In determining whether to dismiss a case for failure to prosecute, failure to comply with court orders, or failure to comply with a local rule, a district court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1226-1228, 1234-1252 (9th Cir. 2006) (discussing and applying those factors); see Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (same), cert. denied, 538 U.S. 909 (2003). Regardless of whether a litigant's conduct is most properly characterized as a failure to

1 prosecute, comply with an order, or follow a local rule, the
2 applicable standard is the same.
3     The first and second factors — the public's interest in
4 expeditious resolution of litigation and the court's need to manage
5 its docket — favor dismissal. See Computer Task Group, Inc. v. Brotby,
6 364 F.3d 1112, 1115 (9th Cir. 2004); Pagtalunan, 291 F.3d at 642;
7 Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999));
8 see also In re PPA Prod. Liab. Litig., 460 F.3d at 1234 ("[D]ismissal
9 serves the public interest in expeditious resolution of litigation as
10 well as the court's need to manage the docket when a plaintiff's
11 noncompliance has caused the action to come to a halt, thereby
12 allowing the plaintiff, rather than the court, to control the pace of
13 the docket."). The petition in this case was filed three years ago,
14 and the matter has been stayed for more than ten months, during which
15 it appears that petitioner has taken no steps to present his
16 unexhausted claim to the state court. Not only has petitioner failed
17 to act diligently to exhaust his state remedies, but he has failed to
18 file status reports as ordered, and failed to respond to the Court's
19 order seeking an explanation for his inaction.
20     The third factor — prejudice to defendants or respondents — also
21 weighs in favor of dismissal. In the absence of a showing to the
22 contrary, prejudice to defendants or respondents is presumed from
23 unreasonable delay. In re Eisen, 31 F.3d 1447, 1452-1453 (9th Cir.
24 1994)(citing Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir.
25 1976)); see also Pagtalunan, 291 F.3d at 642-643 (holding that
26 unreasonable delay weighed in favor of dismissal, and noting that
27 "[u]nnecessary delay inherently increases the risk that witnesses'
28

memories will fade and evidence will become stale") (citing <u>Sibron v. New York</u>, 392 U.S. 40, 57 (1968)).

The fourth factor — the availability of less drastic sanctions — also supports dismissal. The Court explicitly warned petitioner about the consequences of failing to respond to the order to show cause. See <u>In re PPA Prod. Liab. Litig.</u>, 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement."); <u>Ferdik</u>, 963 F.2d at 1262 ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."); <u>Anderson</u>, 542 F.2d at 525 ("There is no requirement that every single alternative remedy be examined by the court before the sanction of dismissal is appropriate. The reasonable exploration of possible and meaningful alternatives is all that is required.").

The fifth factor — the public policy favoring disposition of cases on their merits — weighs against dismissal, as it always does. <u>Pagtalunan</u>, 291 F.3d at 643 (citing <u>Hernandez v. City of El Monte</u>, 138 F.3d 393, 399 (9th Cir. 1998)). Despite the policy favoring disposition on the merits, however, it remains a litigant's responsibility to comply with orders issued by the court and "to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." <u>In re Eisen</u>, 31 F.3d at 1454 (quoting <u>Morris v. Morgan Stanley & Co.</u>, 942 F.2d 648, 652 (9th Cir. 1991)). Petitioner has not fulfilled that obligation.

The five-factor test for dismissal under Rule 41(b) is a disjunctive balancing test, so not all five factors must support

4

dismissal. See Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998) (noting that the five-factor test "amounts to a way for a district judge to think about what to do, not a series of conditions precedent" to dismissal), cert. denied, 526 U.S. 1064 (1999); Hernandez, 138 F.3d at 399 (explaining that dismissal is appropriate when four factors support dismissal or where three factors "strongly" support dismissal). Four of the five factors support dismissal in this case.

Prior to dismissal on the court's own motion, a pro se petitioner should be notified of the basis for dismissal and warned that dismissal is imminent. See Ferdik, 963 F.2d at 1262; West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990). That prerequisite has been satisfied in this case. Therefore, dismissal under Rule 41(b) is appropriate.

It is within the Court's discretion to determine whether dismissal for failure to prosecute or failure to comply with orders should be with prejudice or without prejudice. Considering all the circumstances, dismissal without prejudice is more appropriate in this case. Accordingly, this case is dismissed without prejudice.

**It is so ordered.**

Dated: 9/1/16

S. James Otero
United States District Judge